UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-CV-14095-ROSENBERG/MAYNARD

SONIA HRUSKA,

    Plaintiff,

v.

ON THE EDGE DOCKSIDE GRILL,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    This matter is before the Court on Defendant's Motion for Summary Judgment [DE 104]. The motion has been fully briefed. Plaintiff has represented herself in this action *pro se*. Plaintiff brought this suit on the premise that she was injured as a result of spider bites she received at Defendant's restaurant. For the reasons set forth below, Defendant's Motion is granted as no reasonable juror could find that Defendant is liable for the alleged spider bites.

    Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

    In deciding a summary judgment motion, the Court views the facts in the light most

favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

Here, Defendant argues that summary judgment must be entered in its favor for two, broad reasons. First, Plaintiff has no evidence of causation. Second, Plaintiff has no evidence of Defendant's negligence. The Court therefore addresses the sufficiency of Plaintiff's evidence.

Each of Plaintiff's claims[1] requires Plaintiff to have proof that the injuries she is alleged to have suffered were caused by Defendant and that Defendant was negligent. *E.g., Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008). The Court notes the evidence that Plaintiff does *not* have to establish that she was bitten by spiders on her legs at Defendant's restaurant:

**Plaintiff's legs did not itch or hurt while at Defendant's restaurant**:

Q. Okay, when you say you "just left it," you—you just ignored it?

A. I just ignored it. It didn't hurt. It didn't itch.

DE 103-1 at 94.

---

1 Plaintiff has brought claims for Negligent Training, Negligence, Premises Liability, and Gross Negligence.

2

**Plaintiff did not look under her table to see if anything was there**:

Q. Okay. All right. After you felt the bite . . . did you happen to look under the table to see if anything was there?

A. No, because nothing—the biting stopped.

*Id.* at 95.

**Nobody else looked under Plaintiff's table**:

Q. Okay. But did you mention it to your son that you felt the bite?

A. Mm-hmm.

Q. Yes?

A. Yes.

Q. Okay. Did he happen to look under the table or investigate further?

A. No.

*Id.* at 96.

**Plaintiff did not report being bitten to her server**:

Q. Okay. Did you report this at all to the—to the server?

A. No.

*Id.*

**Plaintiff did not see a spider while at Defendant's restaurant**:

Admit you did not see a spider or spiders at [Defendant's restaurant].

Admitted.

DE 103-3 at 2.

**Plaintiff did not contact any medical professional for treatment for the week following the alleged bites**:

Q. Okay, tell me about the rest of your trip. . . . How long did it last?

A. I think about a week.

. . .

Q. Okay. During that week while you're having these headaches and fatigue, did you contact any medical professionals of any kind to see what was going on with you?

A. Well, I thought it was—no I didn't.

DE 103-1 at 108.

**The first time Plaintiff sought medical treatment following the alleged incident was one month after her visit to Defendant's restaurant**. DE 103-4 (medical record dated September 27, 2017); *see also* DE 103-1 at 110.

**Plaintiff has never received a diagnosis for the alleged injury to her legs**:

Q. When you went to the hospital . . . did they give you a diagnosis before you left?

A. No.

Q. At Springhill, where you've had additional care, did they ever give you a diagnosis?

A. Mm-mmm.

Q. That's a "no"?

A. No.

Q. Has anyone ever given—given you a diagnosis for your—for the condition on your legs?

A. No.

DE 103-1 at 157.

**Plaintiff has retained no expert to establish that her injuries were caused by spiders**, even though medical diagnosis and medical causation opinions typically require the specialized knowledge of an expert witness. *E.g., In re Trasylol Prod. Liab. Litig.*, No. 08-MD-1928, 2013 WL 3353833, at *3 (S.D. Fla. July 3, 2013).

**Plaintiff's contention that she was bitten by spiders is limited to her own research on the internet**:

Q. Well, when you said it was a spider bite, again, where did you get that from?

A. I said it was spider bites.

Q. Where did you get that from?

A. Well, it was research looking at medical studies and stuff and Goggle, and then I found a bunch of medical publishes—medical published sites and going through it.

*Id.* at 156.

Having summarized the evidence that Plaintiff does not have, the Court turns to the two pieces of evidence that Plaintiff *does* have. First, Plaintiff's testimony is that she felt a bite on her leg at Defendant's restaurant. Second, Plaintiff testified that within a day of leaving Defendant's restaurant she visited a pharmacy and obtained bug-bite relief cream:

Q. All right. When, for the first time—excuse me, following the visit to [Defendant's restaurant] did you do anything in terms of trying to treat your—your—your red spots that you mentioned?

A. The next day, the spots got redder, so I went to Walgreens.

Q. Okay.

A. And I spoke to the pharmacist, and he said, "Well, it doesn't look too bad."

*Id.* at 103.

According to Plaintiff's Complaint, she has suffered over twenty million dollars' worth of damages to her legs because of spider bites. DE 1 at 4. Yet, Plaintiff saw no spider, felt no itch, felt no burn, reported no bite, reported no spider, consulted no medical professional, and has never been diagnosed with a spider bite. Plaintiff has no expert to link her alleged injury to a spider. For Plaintiff to prevail at trial, a reasonable jury would have to return a verdict in her favor on causation. *Anderson*, 477 U.S. at 248. If a jury were to find in Plaintiff's favor on causation, that jury would be unreasonable. First, there is no evidence (other than Plaintiff's Google searches) that her alleged injury was caused by a spider. Second, even if a jury could conclude that Plaintiff, at some point in time, was bitten by a spider, there is no evidence that a reasonable jury could rely upon to conclude that the bite was caused by Defendant. Plaintiff saw no spider. Plaintiff has no evidence that others have seen spiders at Defendant's restaurant. Plaintiff has no evidence that Defendant knew about problematic spiders. Instead, the uncontroverted evidence is that Defendant knows of no spider problem at its restaurant and has contracted with a pest control service since 2010 to keep its facility pest-free. DE 103 at 3-5.

It is common knowledge within the scope of any reasonable juror's experience that, in Florida, in an open-air restaurant, you may be bitten by an insect. The mere existence of a bite, without more, does not mean that the restaurant has caused a patron damages—and Plaintiff has no evidence to establish causation other than the bite itself and her own use of Google. *Cassel v. Price*, 396 So. 2d 258, 264 (Fla. Dist. Ct. App. 1981) (holding that a landowner is not an insurer of a business invitee's safety).

The Court's conclusion is buttressed by cases such as *Saint Joseph's Hospital v. Cowart*, 891 So. 2d 1039 (Fla. Dist. Ct. App. 2004). In *Cowart*—a case far more egregious than that instant case—a patient was bitten by a black widow spider while in an emergency room. *Id.* at 1040. While the patient was being x-rayed, the patient reported that he had been bitten by fleas. *Id.* The hospital technician laughed at the claim. *Id.* Later, while the patient was receiving a CT scan, the patient again felt something and pulled a black widow spider out of his hospital gown. *Id.* Thereafter, the patient filed suit against the hospital, alleging negligence. *Id.* Although a jury found in favor of the plaintiff, the verdict was overturned by the appellate court, which ruled that the evidence did not show the hospital breached any duty of ordinary care because the hospital had introduced evidence that it contracted with a pest control company to provide preventative pest-based maintenance. *Id.* at 1041.[2]

At least in *Cowart*, a bite was reported, a spider was seen, and the plaintiff was not outside. Also in *Cowart*, as the patient was wearing a gown, the defendant arguably handed the spider to the patient, or arguably placed the spider next to the patient's body. Analogizing the instant case to *Cowart*, it would be as if the patient decided, a month after leaving the hospital, "I think I was bitten by a spider in the hospital a month ago." Yet, the evidence in *Cowart*, although far more substantial than the instant case, was so legally insufficient that a jury verdict was overturned. Furthermore, the evidence establishing the Defendant's exercise of due care in the instant case (via contractual pest control services) mirrors the legally sufficient evidence in *Cowart*. Plaintiff has

---

2 The *Cowart* court also questioned whether, under Florida law, a suit for negligence may *ever* be brought when the injury originates from a spider or insect. *Cowart*, 891 So. 2d at 1041 ("Generally, Florida law holds that landowners do not have a duty to guard an invitee against harm from wild animals, **except in certain circumstances not applicable here**."). The *Cowart* court only held that an insect bite or spider bite could result in liability **if** the bite was **inside of a structure**. *Id.* Here, the alleged bite was outside.

no evidence that Defendant violated its duty of care[3] to prevent pests at its out-door restaurant. Finally, a landlord such as Defendant only has a duty to an invitee when the landlord's knowledge of a danger is superior to the business invitee but here, by the Plaintiff's own testimony, the spider was invisible—nobody saw it. *Id.* at 1041.

For the foregoing reasons, Defendant is entitled to summary judgment as to each of Plaintiff's claims.[4] It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 104] is **GRANTED** in its entirety and summary judgment is entered in favor of Defendant as to all counts. All other pending motions are **DENIED AS MOOT**. The Clerk of the Court shall **CLOSE THIS CASE**. Defendant is directed to submit a proposed final judgment to rosenberg@flsd.uscourts.gov in Microsoft Word format within two business days.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 22nd day of January, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

3 Although Plaintiff cites to health code violations generally, none of Defendant's health code violations involve spiders and, furthermore, the health code violations that Plaintiff references were resolved almost a month prior to Plaintiff's visit. The Court also fails to see how kitchen-based health code violations would be relevant, admissible evidence to establish liability for a spider bite in open-air, outdoor seating.

4 The Court accepts and adopts Defendant's remaining arguments without comment.